## ESTELLE D. BOWERS, Respondent, v. HOWARD M. DURANT, Appellant, Impleaded, etc.

*Partition of lands situated in another State — when an agreement that they shall be partitioned, in an action brought in this State, will estop a party from denying the jurisdiction of the courts of this State.*

To induce the plaintiff to withdraw objections made by her to the probate of the will of her father, an agreement, dated June 16, 1885, was entered into between the plaintiff and her brothers, Frederick, Charles and the defendant Howard, which provided, among other things, that if an actual partition should not be made of the real estate of the testator, by agreement, on or before January 1, 1886, the plaintiff should at once commence and prosecute an action for a partition of the estate, the other parties stipulating not to commence such an action unless the plaintiff neglected so to do for one month after January 1, 1886. It was also agreed that such partition suit should be brought to partition all the

real estate of the father, whether the same was situated in the State of New York or elsewhere, and that the agreement might be pleaded as conferring jurisdiction, and that the parties thereto would execute deeds in accordance with the judgment to be entered therein.

In this action, brought to partition the said lands, the plaintiff, on being notified that the defendant Howard, who had answered the complaint herein, had commenced actions in the States of Iowa and Nebraska to partition lands situated in these States, which were described in the complaint in this action, applied for and obtained an order restraining him from continuing these actions.

*Held,* that the order should be affirmed.

That objections taken by him that the courts of this State could not partition the lands in Iowa and Nebraska, and that there were infants whose rights must be protected, who were not parties to the agreement, were sufficiently answered by the fact that he, as a party to the agreement, consenting that such action might be brought, was estopped from denying the jurisdiction of the courts of this State.

APPEAL from an order, made at a Special Term granting an injunction restraining the defendant Howard M. Durant from prosecuting two partition suits, one in the State of Iowa and one in the State of Nebraska, until the issues raised in this action could be determined.

In April, 1885, Charles W. Durant, residing in the city of New York, died seized of certain lands described in the complaint hereinafter mentioned, situated in New York, Nebraska and Iowa. Mr. Durant left a last will and testament and a codicil thereto, which were duly admitted to probate by the surrogate of the city of New York on the 18th of July, 1885. The plaintiff began a contest over her father's will, and this resulted in an agreement between the plaintiff herein and her brothers, Frederick C. Durant, Charles W. Durant and Howard M. Durant, bearing date the 16th of June, 1885, which agreement resulted in the withdrawal of opposition to the probate of said will and the codicils thereto, upon the terms and conditions therein provided. Amongst other things it was provided by said agreement that if an actual partition should not be made of the real estate of the testator by agreement on or before the 1st day of January, 1886, the plaintiff herein should at once file a complaint and *lis pendens* for a partition thereof, and should prosecute such suit to judgment with all reasonable speed, and the other parties to the agreement stipulate not to commence such a partition suit unless the plaintiff neglected to do so for one month

after January 1, 1886. It was further provided by the said agreement that said partition suit should be brought for the purpose of partitioning all the real estate of the testator, whether the same was situated in the State of New York or elsewhere, and that all necessary consents should be executed by the parties to the agreement in order to give the court jurisdiction therein, and that the agreement might be pleaded as conferring such jurisdiction, and the parties thereto agreed to execute deeds in accordance with any judgment that might be rendered. No amicable division of the real estate having been arrived at between the plaintiff and her brothers prior to the 1st of January, 1886, the plaintiff, on the 4th of January, 1886, instituted the present action, setting forth the aforesaid agreement, describing at length the real estate of which the testator died seized, situated in the States of Nebraska and Iowa, and setting forth the rights, titles and interests of all the parties therein, and praying judgment that the agreement might be carried out and all the aforesaid lands and premises be partitioned among the parties entitled thereto, according to their respective rights and interests.

On the thirtieth of January Howard M. Durant answered said complaint. In April, 1886, the plaintiff herein was notified that the defendant, Howard M. Durant, had instituted a suit in Iowa, whereby he sought partition of the identical lands and premises described in the complaint in this action, located in the State of Iowa. The object of this suit was to obtain a partition of the lands and premises described in the plaintiff's complaint, situated in the State of Iowa. The plaintiff was also served with a notice that the defendant, Howard M. Durant, had brought a suit in the courts of Nebraska to obtain a partition of the lands and premises described in her complaint as situated in the State of Nebraska.

An application upon this state of facts was made to the court in this action for an injunction restraining the defendant, Howard M. Durant, from continuing those actions, upon the ground that it was a violation of the agreement of the 16th of June, 1885, and that by a continuance of such actions the plaintiff's rights under the agreement were imperiled.

The defendant claims the right to institute the suits in Iowa and

Nebraska, upon the ground that no partition of those lands can be had in the courts of this State. Upon the hearing of the motion the injunction was granted by order, and from this order this appeal is taken.

*Carlisle Norwood, Jr.,* for the appellant.

*John M. Bowers,* for the respondent.

VAN BRUNT, P. J.:

The whole argument of the appellant is based upon the claim that no partition of the Iowa or Nebraska lands can be had in the courts of this State; that the courts of this State cannot affect such lands either by an actual partition or otherwise; that there are infants whose rights must be protected, who are not parties to the agreement of the 16th of June, 1885, and are, therefore, not bound by the same.

It seems to be a sufficient answer to these objections to observe that the defendant, Howard M. Durant, the party against whom this injunction runs, was a party to that agreement, and as such party he consented that a partition suit might be brought in the courts of this State for the purpose of partitioning all the real estate of his father, whether the same was situated in the State of New York or elsewhere; that the agreement might be pleaded as conferring jurisdiction, and that he would execute deeds in accordance with any judgment that might be rendered in such action. This he agreed to do for the purpose of obtaining a withdrawal of the plaintiff's contest to the admission to probate of his father's will and codicil. It is true that the agreement contained other provisions which it is not necessary to observe in discussing this question. He having secured, by means of this agreement, his ends in procuring the probate of his father's will, cannot now be heard to say that because certain other parties are not parties to this agreement that the provisions therein cannot be carried into effect.

As far as he is concerned, by that agreement he is estopped from denying the jurisdiction of the courts of this State, and the suit contemplated by that agreement having been brought within the time limited, he is precluded by the terms of the agreement from attempting to violate it by bringing actions in other States.

It is entirely unnecessary upon the disposition of this appeal, for us to determine at the present time as to what relief the plaintiff may obtain in this action. It is enough to say that the plaintiff has complied with the conditions to be performed upon her part, contained in the agreement, and upon such compliance the defendant has agreed not to commence suits in other States for the partition of any of those lands, and he, having received his part of the consideration for the agreement, must be held to perform the covenants entered into upon his part. The objection that the agreement expressly reserved the right to this defendant to resist such actual partition upon the ground that the same cannot be justly, legally or equitably made, alters in no respect the position of the plaintiff herein, as it is evident that all that was contemplated by that provision of the agreement was that any of the parties had the right to insist upon a sale if actual partition could not be made. The defense is to consist of resistance to actual partition and nothing more.

We are of the opinion, therefore, that the defendant, having made his agreement, should be held to its terms.

Order affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.